Matter of Dousmanis (Pierucci) (2021 NY Slip Op 00251)





Matter of Dousmanis (Pierucci)


2021 NY Slip Op 00251


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Index No. 500088/08 Appeal No. 12892 Case No. 2020-02806 2020-02808 

[*1]In the Matter of Aris J. Dousmanis, Petitioner-Appellant, For the Appointment of a Guardian of the Personal Needs and Property Management of Andrew Pierucci, An Alleged Incapacitated Person, Marisa Falero, Esq., Co-Guardian-Respondent, New York City Human Resources Administration, Medicaid Lien Holder, Respondent.


Leavitt, Kerson & Sehati, Forest Hills (Paul E. Kerson of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered December 24, 2019, which confirmed the report and recommendation of the Judicial Hearing Officer and directed that the assets of the deceased Incapacitated Person Andrew Pierucci in a trust established for his benefit be used to satisfy a Medicaid lien, unanimously affirmed, without costs.
The will of Andrew's deceased brother, Peter, appointed petitioner as executor, and directed that petitioner place the remaining property in his estate into a general benefit trust for Andrew's benefit, support, maintenance, health and education. The will appointed petitioner trustee and bequeathed the remainder of the trust upon Andrew's death to him.
Petitioner admitted that he failed to turn over trust assets to Andrew's guardians for use during Andrew's lifetime. He also admitted that he did not comply with a court order directing him to set up a special needs trust (SNT) pursuant to EPTL 7-1.12, in order to permit the trust assets to be used to enhance Andrew's quality of life without rendering him ineligible for public assistance or cause a reduction in those benefits.
Upon Andrew's death, respondent New York City Human Resources Administration sought to impose a Medicaid lien on the funds that remained in the trust. Petitioner argues that Peter intended to create a SNT rather than a general benefit trust and the remaining trust assets should pass to him as the remainderman.
Courts are generally hesitant to reform a testamentary instrument unless the reformation effectuates the testator's intent (see Matter of Snide, 52 NY2d 193, 196 [1981]). Here, the court properly concluded that nothing in Peter's will indicated an intention to create a SNT (see Matter of Singer, 13 NY3d 447, 451 [2009]). Accordingly, the trust assets may be used to satisfy the Medicaid lien.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021